EDWARD G. TINKER, RESPONDENT, v. SAMUEL J. CROOKS, APPELLANT.

*Supplementary proceedings—what must be shown to authorize the punishment of a party for contempt, for refusing to pay over money as ordered.*

Upon the appearance of a debtor before a judge, in pursuance of an order for his examination in proceedings supplementary to execution, he admitted that he had in his possession money and property sufficient to satisfy the judgment, and requested a postponement to enable him to apply the same upon the judgment. The judge thereupon made an order reciting the facts, and granting him until a day named to pay the judgment with interest, and the costs, and providing in default thereof that he be adjudged guilty of a willful contempt; it further ordered and directed that, in that case, he pay to the sheriff a fine of $384, and be imprisoned until the payment thereof, and that a commitment issue to carry this judgment into effect,

*Held,* that the defendant could only be convicted of contempt upon the return of an attachment or an order to show cause, and that the court could not thus summarily declare the consequences of a disobedience to its order.

To authorize the court to punish a party for contempt in proceedings supplementary to execution in refusing to pay over money or property in pursuance of its order, it must appear that the specific property or sum of money was, at the time of the service of the order for his examination, in his possession or under his control.

APPEAL by the defendant from an order made by a justice of the Supreme Court in supplementary proceedings, granting him until a day named to pay the judgment, and adjudging him guilty of a contempt unless the judgment be paid on or before said day.

The order was as follows :

" The defendant appearing before me, pursuant to order made by me on the 27th inst., and returnable this day at 2 P. M., and stating and admitting at the last above time and place that he has sufficient money and property to satisfy the judgment herein, and the said defendant requesting a further postponement to enable him so to apply the same, after hearing Mr. Henry H. Morange, attorney for plaintiff,

" *Ordered,* that the said defendant have until May 6, 1880, at 10 o'clock, A. M., to pay the amount of the judgment herein to said plaintiff's attorney, with the accrued interest, and $30 costs, which are hereby awarded to the plaintiff or his said attorney, and in default thereof the said defendant be adjudged guilty of a willful con-

tempt of court, for a disobedience of the order made herein on March 3, 1880, and of this order, by failing to comply therewith, and that such misconduct tended to defeat and impair the rights and remedies of the plaintiff herein.

"And also in case of the default of the defendant to comply with the conditions of this order, I do hereby further order and direct that the said defendant pay to the sheriff of the city and county of New York, a fine of $384 for indemnity and use of the plaintiff herein. And I likewise order on said default that he be imprisoned in the common jail of said county until he pay the said fine as aforesaid, and that a commitment issue to carry this judgment into effect."

*S. J. Crooks*, for the appellant.

*H. H. Morange*, for the respondent.

BARRETT, J.:

The defendant appeared before a justice of the court, pursuant to an order for his examination in proceedings supplementary to execution. Without submitting to such examination, he at once admitted the possession of " money and property sufficient to satisfy the judgment," and requested a postponement " to enable him to apply " such money and property. The justice thereupon made an order reciting these facts and granting him until a day named to pay the judgment, with interest and costs. So far the order was unobjectionable. It was substantially what the defendant himself had requested. The difficulty is as to what follows. In default of payment the order adjudges the defendant guilty of a willful contempt, fines him a specific sum of money, and commits him to the common jail until the fine is paid. This part of the order we think was unauthorized. The consequences of disobedience could not be thus summarily declared. The defendant could only be convicted of contempt in the manner pointed out by law, that is, by regular and orderly proceedings under an attachment or an order to show cause. He was entitled to an independent hearing in these proceedings. He might therein furnish a perfect excuse for non-compliance with the order. His money and property might in the interim

have been lost or stolen. Banks or bankers might have failed. Property might have been consumed by fire or have depreciated from natural causes. At all events, he was entitled before conviction to his day in court upon the specific charge of disobedience.

But further, we think that contempt proceedings could not have been successfully predicated of non-payment within the period prescribed by this order. The justice, of course, had no general power to order the payment of the judgment. His authority was statutory. It was thereby limited to directing the application of property, discovered by the examination in the defendant's (or other person's) hands, at the time of the service of the order. Whether, at this time, the defendant was in possession of any money or property does not appear. His admission referred to a subsequent period. Nor did the admission amount to the discovery contemplated by statute. There was no detailed disclosure. No particular property was brought to light. There was little more than a confession of ability to pay. Now, as a foundation for contempt proceedings, it should have appeared from the defendant's examination or its equivalent—his admission—that at the time of the service of the order he had in his possession or under his control some specific property or sum of money. The due application of such specific property or sum of money, or both, towards the satisfaction of the judgment could then have been lawfully directed; and enforced by proceedings properly inaugurated by attachment or order to show cause. We are, therefore, unable to sustain that part of the order to which reference has been made.

All of such order after the words "in default thereof," must be reversed. All previous thereto may be affirmed without prejudice to such further proceedings as the plaintiff may be advised to institute. No costs of this appeal.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Order modified, as directed in opinion, without costs.